## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNA KOSAR, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GREINER INDUSTRIES, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Jenna Kosar, a resident of York County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Greiner Industries, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*. and 28 U.S.C. §§1331 and 1343.

2.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

3.      Venue is also proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. § 2000e-

5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

## THE PARTIES

4.     Plaintiff, Jenna Kosar (hereinafter "Ms. Kosar" or "Plaintiff"), is an adult individual female residing in Stewartstown, York County, Pennsylvania.

5.     Defendant, Greiner Industries, Inc. ("Defendant"), is a Pennsylvania corporation headquartered in Lancaster County, Pennsylvania, with a plant located at 1650 Steel Way, Mount Joy, Lancaster County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

6.     On or about December 8, 2020, Ms. Kosar filed a Complaint with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2020-04915, with instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission ("PHRC") for purposes of being dual filed with the PHRC.

7.     On or about January 13, 2021, Ms. Kosar filed an Amended Charge with the EEOC.

8.     Ms. Kosar has been advised by the EEOC of her right to sue in federal court, which notice was received on or about July 26, 2021.[1]

---

[1] Plaintiff's claims for sex-based discrimination and retaliation were "dual-filed" with the PHRC on or about December 8, 2020, and January 13, 2021, respectively.

## STATEMENT OF FACTS

9.      On or about November 11, 2019, Ms. Kosar was hired as a painter at Defendant's plant in Mount Joy, Lancaster County, Pennsylvania.

10.     At all times material hereto, Ms. Kosar was the only female employed in Defendant's paint department.

11.     Throughout her tenure with Defendant, Ms. Kosar was regularly subjected to sexual harassment by her immediate supervisor, Jason Stover.

12.     Mr. Stover would regularly speculate about Ms. Kosar's sexual preferences and the sex lives of her male co-workers in front of Ms. Kosar; further, Mr. Stover would openly describe his imaginings of Ms. Kosar's sex life with her boyfriend.

13.     Mr. Stover also regularly made sexual advances towards Ms. Kosar. These advances became exacerbated in the early spring of 2020; among other things, Mr. Stover:

      a.      asked Ms. Kosar to "suck [his] dick";

      b.      asked Ms. Kosar to "flash" him her breasts and/or genitals;

      c.      asked Ms. Kosar for nude pictures of herself;

      d.      groped Ms. Kosar's breasts and genitals;

As such, Plaintiff intends to amend her Complaint to include these state claims once they become ripe one year from their PHRC filing date.

e.    asked Ms. Kosar to have a threesome with him and his male friend;

f.    asked Ms. Kosar if she would have sex with him in exchange for money;

g.    asked Ms. Kosar if she would have sex with him without a condom;

h.    asked Ms. Kosar if she would let him have anal sex with her; and

i.    asked Ms. Kosar to finger his anus.

14.    Ms. Kosar rejected each of Mr. Stover's advances and never encouraged his behavior.

15.    Despite Ms. Kosar's repeated objections, in or about July 2020, Mr. Stover's sexual harassment reached a peak when he asked Ms. Kosar to "pencil [him] in" for sex.

16.    When Ms. Kosar flatly rejected Mr. Stover, he offered Ms. Kosar $250 to have sex with him; when Ms. Kosar rejected this offer, Mr. Stover increased the amount to $350.

17.    Ms. Kosar rejected the increased offer and complained directly to Mr. Stover of his behavior.

18.    In retaliation for Ms. Kosar's frequent rejections, Mr. Stover would berate Ms. Kosar at work, hold her to higher standards than her male co-workers, and even falsely complained to Defendant's management that Ms. Kosar's work product was of poor quality.

19.    Additionally, Mr. Stover would: constantly denigrate Ms. Kosar's appearance, including her makeup and weight; criticize Ms. Kosar on her choice of foods and/or snacks; and mock Ms. Kosar's boyfriend.

20.    On or about April 22, 2020, after an incident in which Mr. Stover verbally disciplined Ms. Kosar in retaliation for her repeated rejections of his sexual advances, Ms. Kosar complained to Defendant's Project Manager Assistant, Erika Weaver.

21.    Specifically, Ms. Kosar complained of Mr. Stover's retaliatory behavior during the incident, but also complained of Mr. Stover's sexual advances.

22.    Ms. Kosar explained to Ms. Weaver that she had been afraid to raise the complaints of Mr. Stover's sexual behavior at the time of their occurrence out of concern that she would be retaliated against by Mr. Stover.

23.    To Ms. Kosar's knowledge, Defendant took no action in response to her April 2020 complaint.

24.    On or about July 20, 2020, shortly after Ms. Kosar reported to work, Mr. Stover verbally disciplined her and denigrated her for a simple mistake.  This

proved to be the proverbial straw that broke the camel's back, and Ms. Kosar left work for the day.

25.    Later that day, Ms. Kosar received a phone call from Defendant's Human Resources Director, Joyce Hostetler; during that phone call, Ms. Kosar detailed Mr. Stover's continued sexual harassment of her and subsequent retaliation.

26.    Ms. Hostetler subsequently set up a meeting with Ms. Kosar and Defendant's management on or about July 22, 2020; at that meeting, Ms. Kosar again detailed Mr. Stover's sexual harassment and subsequent retaliation.

27.    At the end of the meeting, Ms. Kosar requested that Mr. Stover be removed and that she be free from retaliation for making the report.

28.    Ms. Hostetler and Defendant's management informed Ms. Kosar that they would investigate her complaints, that they would contact her when the investigation was complete, and that she would not be paid for any time she missed as a result of leaving work due to the sexual harassment and subsequent retaliation by Mr. Stover.

29.    On or about July 29, 2020, Ms. Kosar received a letter from Ms. Hostetler informing her that she was terminated effective July 24, 2020.

30.     Accordingly, Defendant terminated Ms. Kosar in retaliation for her good-faith complaint of sexual harassment, in violation of her rights under Title VII.

31.     As such, Ms. Kosar was subjected to sexual harassment, including *quid pro quo* sexual harassment, as well as unlawful retaliation for reporting this sexual harassment, all in violation of her federal civil rights.

## COUNT I

### TITLE VII CLAIM
### SEXUAL HARASSMENT – *QUID PRO QUO*

32.     All prior paragraphs are incorporated herein as if set forth fully below.

33.     Throughout her tenure with Defendant, Ms. Kosar was regularly subjected to sexual harassment by her immediate supervisor, Jason Stover.

34.     At all times, Ms. Kosar would flatly reject Mr. Stover's sexual advances and offers to engage in sexual activity, including sex for money.

35.     In retaliation for Ms. Kosar's frequent rejections, Mr. Stover would berate Ms. Kosar at work, hold her to higher standards than her male co-workers, and even falsely complain about her to Defendant's management that her work product was of poor quality.

36.     On or about April 22, 2020, after an incident in which Mr. Stover verbally disciplined Ms. Kosar in retaliation for her repeated rejections of his

sexual advances, Ms. Kosar complained to Defendant's Project Manager Assistant, Erika Weaver.

37.    As set forth above, as a result of Ms. Kosar's rejections of Mr. Stover's unwanted sexual advances, Mr. Stover retaliated against Ms. Kosar by denigrating her, verbally disciplining her, and reporting her to management that her work product quality had declined, thus subjecting her to *quid pro quo* sexual harassment.

38.    The actions of Defendant and its management set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff, Jenna Kosar, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Greiner Industries, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### TITLE VII CLAIM
### SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

39.    All prior paragraphs are incorporated herein as if set forth fully below.

40.     Defendant created, permitted, tolerated, encouraged, and fostered a sexually hostile, intimidating, demeaning, degrading, and demoralizing environment, which hostile environment was ongoing and pervasive throughout Ms. Kosar's tenure.

41.     The acts of Defendant, and its officers, agents, and employees manifesting and permitting this hostile environment, insofar as they are known to Ms. Kosar, included allowing Mr. Stover to sexually harass Ms. Kosar.

42.     The sexually hostile environment was known to Defendant's management, who took no meaningful or effective action to terminate the offending behavior or to remove the offending environment.

43.     As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Ms. Kosar was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

44.     As a result of the sexually hostile environment Ms. Kosar has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

45.     The actions of Defendant set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff, Jenna Kosar, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Greiner Industries, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## COUNT III

### TITLE VII CLAIM
### RETALIATION

46.     All prior paragraphs are incorporated herein as if set forth fully below.

47.     In retaliation for Ms. Kosar's good-faith complaints regarding the sexual harassment and sexually hostile environment, Defendant and/or its management retaliated against Ms. Kosar by terminating her employment.

48.     As a result of Defendant's actions, Ms. Kosar has had her reputation damaged and standing in the community lowered, has suffered and continues to suffer pain, humiliation, ridicule, and embarrassment, and has endured public humiliation, ridicule, and embarrassment before her family and friends, as well as sustained economic losses.

WHEREFORE, Plaintiff, Jenna Kosar, respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, Greiner Industries, Inc., together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

WEISBERG CUMMINGS, P.C.

October 22, 2021
Date

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707

(717) 233-8133 (FAX)

*Counsel for Plaintiff*