IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNA KOSAR, | : |
| | : |
| v. | : NO. 21-4654 |
| | : |
| GREINER INDUSTRIES, INC. | : |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**　　　　　　　　　　　　　　　　　　　　　　October 14, 2022

　　　　Defendant, Greiner Industries, Inc. ("Defendant"), moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure due to Plaintiff's failure to prosecute her case. Plaintiff has failed to respond to this motion, and upon review of the pleadings, I will grant Defendant's motion.

### I.　　FACTUAL ALLEGATIONS

　　　　On October 22, 2021, Plaintiff, Jenna Kosar ("Plaintiff"), filed a Complaint against Defendant alleging sexual harassment, hostile work environment, and retaliation under Title VII. Plaintiff was originally represented by counsel, but on February 24, 2022, after a hearing at which Plaintiff appeared, I permitted counsel to withdraw. The case was stayed the case for sixty days to allow Plaintiff to obtain new counsel. As of the date of this opinion, Plaintiff has not retained new legal counsel.

　　　　A status conference was held in this matter on April 26, 2022 and Plaintiff failed to appear. At that time, I set a fact discovery deadline of July 29, 2022. As directed, Defendant's counsel emailed Plaintiff and sent a letter to Plaintiff advising her of the Court's Order. See Docket No., 16, Ex. A.  Defendant served Interrogatories and Requests for Production of Documents upon Plaintiff on April 27, 2022, see id., Ex. B, and scheduled the deposition of Plaintiff for June 17, 2022 at 10:00 a.m. See id., Ex. C.

On May 24, 2022, Plaintiff emailed Defendant's counsel her response to Defendant's discovery requests. Defendant's counsel notified Plaintiff on the same day that her response did not comply with the Federal Rules of Civil Procedure and he was willing to speak with her regarding her deficient discovery responses. Defendant's counsel also followed up with Plaintiff regarding the deficient discovery responses on June 7, 2022, and June 15, 2022, and did not receive any response from Plaintiff. See Docket No. 16, Ex. D.

Plaintiff did not appear for her scheduled deposition on June 17, 2022. See Id., Ex. E, nor did she contact Defendant's counsel regarding her failure to appear for the deposition. Further, Plaintiff did not appear for a June 28, 2022, status conference with the Court, nor did she contact Defendant's counsel about any responses discovery or her deposition before the discovery period ended on July 29, 2022.

## II.     STANDARD OF REVIEW

Pursuant to Fed.R.Civ.P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the federal rules] or any order of court … ." In doing so, the court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984) "In balancing the *Poulis* factors, no single factor is dispositive, and not all of the factors need be satisfied in order to dismiss a complaint." *Rosado v. Adams*, 2009 WL 1181217 at *5 (M.D. Pa. April 30, 2009), *quoting Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

Further, "[a] pro se plaintiff is responsible for her failure to comply with the court's orders." *Rosado* at *2, *quoting Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

**III.   DISCUSSION**

The pro se Plaintiff in this matter did not appear for two status conferences despite receiving notice of the conferences. Therefore, she is clearly personally responsible for failing to prosecute the matter and complying with Court Orders. By refusing to comply with her discovery obligations, Plaintiff's actions have caused prejudice to Defendant. Her failure to respond to interrogatories and requests for production of documents, as well as attend her own deposition severely impedes Defendant's ability to prepare its defense and trial strategy.

Plaintiff has a history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to Interrogatories, or consistent tardiness in complying with court orders." *Rosado* at *2, *quoting Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994). In the present case, Plaintiff has repeatedly failed to comply with Court Orders to participate in status conferences and failed to respond to Defendant's discovery requests.

Plaintiff's conduct has been willful. "Willfulness involves intentional or self-serving behavior." *Emerson*, 296 F.3d at 191. Plaintiff has engaged in willful behavior by consistently failing to participate in conferences and failing to respond to Defendant's discovery requests.

There are no effective sanctions other than dismissal. When the Court is "faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal." *Rosado* at *3.

Defendant presents a meritorious defense of the claim. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70.

Defendant's Answer denies the material allegations in the Complaint and alleges it had legitimate, nondiscriminatory reasons for terminating her employment. Therefore, based on the Answer filed by Defendant, Defendant has a meritorious defense to the claim.

Accordingly, based upon a review of the *Poulis* factors above, Plaintiff's Complaint must be dismissed due to her failure to prosecute her claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion will be granted and this matter will be dismissed.